IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ETHEL WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:12cv454-WHA |
| ) | (wo) |
| HERBERT SPEARS, CLARK BUFORD ) | |
| BAIT COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiff's Motion to Remand (Doc. #7), filed on July 17, 2012.

The Plaintiff, Ethel Wells ("Wells"), originally filed her case in the Circuit Court of Barbour County, Alabama on February 3, 2012, bringing claims against Herbert Spears and fictitious defendants.

Wells filed an Amended Complaint in state court on May 23, 2012, adding Clark Buford Bait Company as a Defendant. Wells did not claim a specific amount in damages in the Complaint or Amended Complaint. Wells is a citizen of Alabama, and Clark Buford Bait, Inc. is incorporated in Tennessee, with its principal place of business in Georgia. Defendant Herbert Spears is a citizen of Georgia.

Defendant Clark Buford Bait, Inc. removed the case to this court on May 24, 2012, on the basis of diversity jurisdiction. Wells subsequently filed a Motion to Remand, and attached to it a

Second Amended Complaint, which was filed in state court after removal and which states that the amount in controversy does not exceed $75,000.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II.  REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.   Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met.  *Id.*  The parties appear to be in agreement that complete diversity of citizenship exists in this case.

When an *ad damnum* clause includes a demand for a specific amount of damages which is less than the jurisdictional a mount, the defendant is "required to prove to a legal certainty that plaintiff, if [he or] she prevailed, would not recover below [$75,000.00]*." Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994).  To sustain federal removal jurisdiction based on

diversity of citizenship in a case in which the complaint seeks an unspecified amount of damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996).

Wells represents that the case does not meet the jurisdictional amount, and in support of her Motion to Remand, attaches a Second Amended Complaint filed after removal.  Jurisdiction must be evaluated at the time the case was removed, however.  *See Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002).   "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."  *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010).   Therefore, this court will not consider the attachment to the Motion to Remand.

Because no specific amount was claimed by Wells at the time of removal, Clark Buford Bait, Inc.'s burden is to prove by a preponderance of the evidence that the requisite jurisdictional amount exists.   Clark Buford Bait, Inc. argues that because Wells seeks compensatory damages, including medical expenses, and punitive damages, she seeks more than $75,000.  Clark Buford Bait, Inc. states in its Notice of Removal that Wells has stated that she has incurred medical bills of $12,000.  In response to the Motion to Remand, Clark Buford Bait, Inc. also states that the liability insurance limits of Clark Buford Bait, Inc. are in excess of $75,000.  The monetary amounts referenced by Clark Buford Bait, Inc., however, are not included in any allegation in the Complaint or Amended Complaint, and are not supported by any citation to evidence.   The court cannot conclude, therefore, that the removing party has met its burden to prove by a preponderance of the evidence that the amount in controversy, exclusive of interests and costs,

exceeds $75,000.00.  *See Cate v. Service Corp. Intern.,* 833 F. Supp. 2d 1324, 1327 (M.D. Ala. 2011) (stating that factual allegations made by the defendants must be supported, and the evidence used to do so may be combined with reasonable deductions and inferences); *Richardson v. Hicks*, No. 3:09cv436-MHT, 2009 WL 1768158 (M.D. Ala. June 23, 2009) (finding lack of jurisdictional amount where injuries from automobile collision were alleged to result in medical bills, but there was no evidence of the amount of those bills).  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

## IV.  CONCLUSION

For the reasons discussed, this court concludes that the removing party has failed to prove by a preponderance of the evidence that the requisite amount was in controversy at the time of removal.  The Motion to Remand, therefore, is due to be GRANTED.[1]

A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 7thday of August, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court notes that while the Second Amended Complaint filed after the case was removed, and attached to the Motion to Remand, has no legal effect in deciding this motion, the representation made by counsel for the Plaintiff as to current value of the case is governed by Fed. R. Civ. P. 11.  Plaintiff's counsel should be aware of this after the case is returned to state court.